Aubrey A. Haddach, SBN: 237219
14677 Via Bettona, Ste 110-111
San Diego, CA 92127
Email: aubrey@thehaddachlawoffice.com
Attorney for Plaintiff
Silvertip Partners, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERTIP PARTNERS, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Luxemont, LLC, a California Limited Liability Company, and Does 1-10, Inclusive Defendants. | Docket No.<br>**'14CV2010 BTM DHB**<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

SILVERTIP PARTNERS, LLC (herein after "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant LUXEMONT, LLC, and Does 1-10, inclusive (collectively "Defendants") states and alleges as follows.

## INTRODUCTION

1. Plaintiff provides photojournalism goods and services and owns the rights to a multitude of high quality photographs, which it licenses to online and print publications. Plaintiff has obtained copyright registrations covering these photographs.

1
**COMPLAINT FOR DAMAGES**

2. Defendants own and operate a website known as www.justluxe.com (the "Website") and without permission or authorization from Plaintiff, copied, modified, stored and displayed Plaintiff's photograph on the Website and Defendant's server and engaged in this misconduct knowingly and in violation of the United States copyright laws, among others.

## JURISDICTION AND VENUE

3. This Court has original and exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part for the same case or controversy.

4. This venue is proper, *inter alia,* pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and have caused damages to Plaintiff in this jurisdiction.

5. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## PARTIES

6. Plaintiff, is now, and was at the time of the events giving rise to this Complaint and at all intervening times, a California Limited Liability Company, duly authorized

and licensed to conduct business in California, with its principal place of business in California.

7. Plaintiff is informed and believes that Defendant, is a California Limited Liability Corporation, with a business address of 501 West Broadway Plaza, Suite A #321, San Diego, CA 92101.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

9. Plaintiff further alleges that Defendants, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action herein after set forth.

10. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## FACTUAL ALLEGATIONS

11. Since 2009, Plaintiff's photographer, Kevin Pack, and Cal Fire have maintained a relationship whereby Mr. Pack is contacted by Cal Fire to take high quality photos of air tankers, helicopters, OV-10's, firefighters, and fire crews working specific high-profile fire incidents. Mr. Pack is not a state employee and provides his images to Cal-Fire on a voluntary basis. These jobs are dangerous and Plaintiff has made significant investments both in time and money to maintain this relationship.

12. As a result, Plaintiff is the legal and beneficial owner of a multitude of photographs which it licenses to online/print publications and has invested significant

time and money in building its photograph portfolio.

13. Plaintiff has obtained several active and valid copyright registrations with the United States Copyright Office, which cover many of its photographs.

14. In August 2012, Plaintiff timely registered its copyright to a specifically valuable image: U.S. Registration No. VA 1-835-659 ("Plaintiff's Image", attached hereto as Exhibit A). To obtain this photograph, Mr. Pack incurred high travel costs, spent five days photographing the fire, had added insurance costs, and even risked his life.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. Defendants are the registered owners of the Website and are responsible for its content.

17. On January 30, 2013, Plaintiff discovered that Defendants were using Plaintiff's Image without permission. By information and belief the image was stored and contained on Defendant's server and addressed to Defendant's own website from which they license content for a fee. This was especially disturbing because Defendants also claimed ownership of Plaintiff's Image and gave viewers permission to download it naming the Defendants as provider/owner of Plaintiff's Image.

18. Plaintiff immediately notified Defendants through their listed method of contact that they were infringing his copyright. In this communication, Plaintiff gave Defendants the option to either enter into a license agreement or immediately remove the Image from their website. Defendants never responded.

19. Plaintiff again notified Defendants in February 2013 of the use without permission and from February to the present day, Defendants ignored at least eighteen (18) different attempts to resolve this matter out of Court, most of which were sent via email and certified mail.

20. When Defendants posted Plaintiff's image, they cropped it so as to remove the

photo credits to Mr. Pack and included their own copyright notice.

21.   Defendants' Website is monetized in that it contains paid advertisements and/or sells merchandise and content to the public and, on information and belief, Defendants profit from these activities.

22.   Without permission or authorization from Plaintiff, Defendants copied, modified, stored on Defendant's server, offered to disseminate and/or displayed Plaintiff's Image on the Defendants Website (hereinafter "the Infringement").

23.   On information and belief, Plaintiff's Image was copied and stored on Defendant's server without license or permission, thereby infringing on the Copyright Plaintiff owns.

24.   On information and belief, Defendants were aware of the facts or circumstances from which the determination regarding the Infringement was apparent. Based on the totality of the circumstances, Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, on the Website since such a claim would amount to only willful blindness to the Infringement on the part of Defendants.

25.   On information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

26.   Additionally, on information and belief, with "red flag" knowledge of the Infringement Defendants failed to promptly remove the image.  (*See 17 U.S.C. §512(c)(1)(A)(i)*).

27.   As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT

*(Direct Copyright Infringement - 17 U.S.C. §501 et seq.)*

28.   Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

29. Plaintiff's Image is an original, creative work in which Plaintiff owns protectable copyright interests.

30. Plaintiff had not licensed Defendants the right to use or store Plaintiff's Image in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyright to Defendant.

31. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, and/or publicly displayed Plaintiff's Image.

32. Defendants' reproduction of the Photograph and display as well as the offer to distribute Plaintiff's Image on the Website constitutes willful copyright infringement.

33. On information and belief, thousands of people have viewed the unlawful copies of the Photograph on the Website.

34. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction, display or offer to use Plaintiff's copyrighted material.

35. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT

### (Vicarious Copyright Infringement)

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. Defendants enjoyed direct financial benefit from the infringing activity of its users and declined to exercise the right and ability to supervise or control that infringing activity, despite their legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

38. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. (*See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 [9th Cir. 2007]; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 [2005])

39. As a result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## THIRD COUNT

### (Inducement of Copyright Infringement)

40. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

41. Individuals using the Website that Defendants' created, distributed and promoted, have been provided with the means and mechanisms through the Website to directly infringe Plaintiff's copyright, for example creating unauthorized reproductions of Plaintiff's copyrighted works and distributing copies of such works in violation of Plaintiff's exclusive rights (*17 U.S.C. §§1069 and 501*).

42. Defendants have induced and provided the means to induce infringement by, for example, providing technology on the Website to download and/or forward an image to such social media providers as Facebook, Instagram, and Twitter as well as others, all who make the claim to commercially use the image posted to their respective sites, as well as providing the image to other unlicensed outlets via an RSS feed and naming the Defendant as owner of the image and/or failing to block or diminish access to the infringed material even though there are technological means to do so that are known to Defendants.

43. Defendants' infringement is and has been willful, intentional, purposeful, and in disregard to the rights of the Plaintiff, and has caused substantial damage to the Plaintiff.

44. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## FOURTH COUNT

*(Violation of the Digital Millennium Copyright Act - 17 U.S.C. §§1202(a) & (b)*

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. When illegally publishing Plaintiff's Image on the Website and storing Plaintiff's Image, Defendants removed Plaintiff's copyright management information in violation of 17 U.S.C. §1202(b).

47. On the Website and on Plaintiff's Image stored on Defendants server, Defendants claimed ownership of Plaintiff's Image. Providing copyright management information that is false and distributing copyright management that is false in violation of 17 U.S.C. §1202(a).

48. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## FIFTH COUNT

*(Unlawful Business Practices California Business Professions Code §17200 et. seq.)*

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. Defendants wrongful and unlawful use, post, display and/or dissemination of Plaintiff's copyrighted work, and/or forgeries thereof, constitutes an unlawful business practice in violation of, among other things, California Business and Professions Code §§17200 through 17203.

51. Plaintiff is the sole owner of all right, title and interest in Plaintiff's Image. Defendants' use, display, storage and dissemination of this image is unauthorized, unfair and unlawful. Defendants' use, display, storage and dissemination of Plaintiff's

Image on the Website constitutes infringement of Plaintiff's rights. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other State, Federal or foreign law.

52. Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit work is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, ownership or quality of the goods, thereby causing loss, damage and injury to Plaintiff and to the purchasing price.

53. Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing to market, advertise, promote, selling and/or otherwise dealing in the counterfeit work would cause confusion mistake or deception among purchasers, users and the public.

54. As a direct and proximate result, Defendants' wrongful conduct, as alleged herein, Plaintiff has and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its marks as commercial assets, in an amount as yet unknown to but be determined at trial.

55. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

## SIXTH COUNT

*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorney fees and costs for the prosecution of this action.

**WHEREFORE,** Plaintiff SILVERTIP PARTNERS, LLC, prays for judgment against Defendants LUXEMONT, LLC, and Does 1-10, inclusive, and each of them, as follows:

A. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

B. For an award of damages against the Defendant pursuant to 17 U.S.C. §1202 in the amount of $20,000 or to be determined by the Court, in addition to any fines for copyright infringement;

C. For an award of damages against the Defendants pursuant to 17 U.S.C. §1201 in the amount of $2,500 or to be determined by the Court, in addition to any fines for copyright infringement, and

D. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200 *et seq.*; and

E. For damages to be proven at trial for common law unfair competition; and

F. For an order from the Court requiring that Defendants provide a complete accounting and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires; and

G. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belongs to Plaintiff; and

H. For the appropriate penalties based on the willful violation of 17 U.S.C. §§1201-1202 for the purposes of commercial advantage and/or private financial gain in an amount to be determined by the Court; and For damages in an amount to be proven at trial for unjust enrichment; and

I. For an award of exemplary or punitive damages in an amount to be determined by the Court; and

J. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

K. Plaintiffs' costs; and

L. For such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, SILVERTIP PARTNERS, LLC, respectfully demands a trial by jury in this action.

THE HADDACH LAW OFFICE

Dated: August 26, 2014          By: *Aubrey Haddach*

Aubrey A. Haddach, Esq.
Attorney for Plaintiff
SILVERTIP PARTNERS, LLC