Daniel R. Salas, Esq. (Cal. State Bar No. 67389)
401 West A Street, Suite 2220
San Diego, California 92101
Telephone: (619) 230-0900
Facsimile: (619) 230-0995
Email: dan@dansalas.com

Attorney for Defendant
Luxemont, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERTIP PARTNERS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>LUXEMONT, LLC, a California Limited Liability Company, and Does 1–10, Inclusive,<br><br>Defendants. | Case No.:   14CV2010 BTM DHB<br><br>**ANSWER TO COMPLAINT**<br><br><br><br>Case Filed: August 27, 2014 |

Defendant LUXEMONT, LLC ("Defendant"), answering the Complaint filed by Plaintiff SILVERTIP PARTNERS, LLC ("Plaintiff"), admits, denies and alleges as follows:

## INTRODUCTION

1. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 1 of the Complaint, each of which it denies on that basis.

2. Answering Paragraph 2 of the Complaint, Defendant admits it owns

1

and operates a website known as www.justluxe.com. Defendant admits it displayed a photographic image on its website, to which Plaintiff claims rights ("the Image"). Except as expressly admitted herein, Defendant denies each and every remaining allegation of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, Defendant admits this Court has subject matter jurisdiction over the claims for copyright infringement made by the Complaint, and pendent jurisdiction over the state law claim made by the Fifth Count of the Complaint.

4. Answering Paragraph 4 of the Complaint, Defendant admits this Court is the proper venue for this action, so long as the federal claims asserted by it exist. Except as expressly admitted herein, Defendant denies each and every remaining allegation of Paragraph 4, and expressly denies that Plaintiff has suffered any damages whatsoever.

5. Answering Paragraph 5 of the Complaint, Defendant admits this Court has personal jurisdiction over it because its principal place of business is within the geographic boundaries of the Court's jurisdiction.

## PARTIES

6. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 6 of the Complaint, each of which it denies on that

basis.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, each of which it denies on that basis.

9. Defendant denies the allegation of Paragraph 9 of the Complaint that Defendant is liable and/or responsible as alleged by the Complaint. Defendant is without information or belief sufficient to admit or deny the remaining allegations of Paragraph 9 of the Complaint, each of which it denies on that basis.

10. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 10 of the Complaint, each of which it denies on that basis.

## FACTUAL ALLEGATIONS

11. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 11 of the Complaint, each of which it denies on that basis.

12. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 12 of the Complaint, each of which it denies on that basis.

13. Defendant is without information or belief sufficient to admit or deny

the allegations of Paragraph 13 of the Complaint, each of which it denies on that basis.

14.   Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 14 of the Complaint, each of which it denies on that basis.

15.   Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, each of which it denies on that basis.

16.   Answering Paragraph 16 of the Complaint, Defendant admits it is the registered owner of its website and is responsible for its content.  Defendant is without information or belief sufficient to admit or deny the remaining allegations of Paragraph 16, each of which it denies on that basis.

17.   Answering Paragraph 17 of the Complaint, Defendant is without information or belief sufficient to admit or deny when Plaintiff discovered that the Image was accessible through Defendant's website, which it denies on that basis. Defendant admits the Image was stored and contained on its server.  Except as expressly admitted herein, Defendant denies each and every remaining allegation of Paragraph 17 of the Complaint.

18.   Answering Paragraph 18 of the Complaint, Defendant admits that on or about May 6, 2013, and not before then, an attorney for Plaintiff notified

Defendant that the display of the Image on its website infringed Plaintiff's alleged copyright. Defendant denies that such notification gave Defendant the option to either enter into a licensing agreement or immediately remove the Image from Defendant's website. Instead, the notice demanded money as alleged damages. However, after receiving the notification, Defendant immediately removed the Image from its website and notified Plaintiff's attorney of such removal. Except as expressly admitted or denied herein, Defendant denies each and every remaining allegation of Paragraph 18 of the Complaint.

19.     Answering Paragraph 19 of the Complaint, Defendant denies that it was notified by Plaintiff of an alleged improper use of its image prior to May 6, 2013, or that it ignored the notification it received at that time. Defendant alleges that promptly after receiving notification from Plaintiff's attorney on or about May 6, 2013, it removed the image from its website; that it notified Plaintiff's attorney of such removal; and that Plaintiff's attorney acknowledged the removal. Defendant admits that it has subsequently received demands from an attorney for Plaintiff that it pay an exorbitant sum of money to Plaintiff, and that Defendant has responded to those demands by, among other things, denying any liability to Plaintiff. Except as expressly admitted or denied herein, Defendant denies each and every remaining allegation of Paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation of Paragraph 20 of the

Complaint.

21. Answering Paragraph 21 of the Complaint, Defendant alleges that its website provides local news reporting within the city guide sections thereof to inform users of current newsworthy events of interest, using information obtained from RSS feeds from trusted news sources. The Image was obtained by Defendant from the RSS (Really Simple Syndication) news feed of Huffington Post in early August, 2012, prior to the time the Complaint alleges Plaintiff copyrighted it. That section of Defendant's website is to provide news reporting; it is not intended to generate revenues. No revenue was generated as a result of Defendant's display of the Image. Except as expressly admitted herein, Defendant denies each and every allegation of Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, Defendant admits it displayed the Image on its website. Defendant alleges its source of the Image was an RSS news feed from a trusted source, to wit: Huffington Post, which registered AP as the source of the Image. Defendant received the RSS feed and the Image from Huffington Post before it was allegedly copyrighted by Plaintiff. Except as expressly admitted or denied herein, Defendant denies each and every allegation of Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation of Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation of Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation of Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation of Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation of Paragraph 27 of the Complaint.

## FIRST COUNT

*(Direct Copyright Infringement – 17 U.S.C. §501 et seq.)*

28. Answering Paragraph 28 of the Complaint, Defendant refers to and incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 27, inclusive, above.

29. Defendant is without information or belief sufficient to admit or deny the allegations of Paragraph 29 of the Complaint, which it denies on that basis.

30. Answering Paragraph 30 of the Complaint, Defendant admits that Plaintiff did not expressly license Defendant's use of the Image or expressly assign any rights therein to Defendant. Except as admitted herein, Defendant denies each and every remaining allegation of Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation of Paragraph 31 of the

Complaint.

32. Defendant denies each and every allegation of Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation of Paragraph 33 of the Complaint, and further alleges that only two (2) visitors to Defendant's website accessed the page where the Image was displayed.

34. Answering Paragraph 34 of the Complaint, Defendant admits it had the ability to, and alleges it did, promptly remove the display of the Image from its website after being notified of Plaintiff's claim.  Except as expressly admitted herein, Defendant denies each and every remaining allegation of Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation of Paragraph 35 of the Complaint, and expressly denies that Plaintiff has been harmed in any amount whatsoever.

## SECOND COUNT

### *(Vicarious Copyright Infringement)*

36. Answering Paragraph 36 of the Complaint, Defendant refers to and incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 35, inclusive, above.

37. Defendant denies each and every allegation of Paragraph 37 of the

Complaint.

38.   Defendant denies each and every allegation of Paragraph 38 of the Complaint.

39.   Defendant denies each and every allegation of Paragraph 39 of the Complaint, and expressly denies that Plaintiff has been harmed in any amount whatsoever.

## THIRD COUNT

### *(Inducement of Copyright Infringement)*

40.   Answering Paragraph 40 of the Complaint, Defendant refers to and incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 39, inclusive, above.

41.   Defendant denies each and every allegation of Paragraph 41 of the Complaint.

42.   Defendant denies each and every allegation of Paragraph 42 of the Complaint.

43.   Defendant denies each and every allegation of Paragraph 43 of the Complaint, and expressly denies that Plaintiff has been harmed in any amount whatsoever.

44.   Defendant denies each and every allegation of Paragraph 44 of the Complaint, and expressly denies that Plaintiff has been harmed in any amount

whatsoever.

## FOURTH COUNT

*(Violation of the Digital Millennium Copyright Act – 17 U.S.C. §§1202(a) & (b)*

45.  Answering Paragraph 45 of the Complaint, Defendant refers to and incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 44, inclusive, above.

46.  Defendants deny each and every allegation of Paragraph 46 of the Complaint.

47.  To the extent the allegations of Paragraph 47 of the Complaint assert conclusions of law, Defendant is not required to plead in response thereto. To the extent the allegations of Paragraph 47 of the Complaint are allegations of fact, Defendants deny each and every allegation thereof.

48.  Defendant denies each and every allegation of Paragraph 48 of the Complaint, and expressly denies that Plaintiff has been harmed in any amount whatsoever.

## FIFTH COUNT

*(Unlawful Business Practices California B & P Code §17200 et seq.)*

49.  Answering Paragraph 49 of the Complaint, Defendant refers to and incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 48, inclusive, above.

50. Defendant denies each and every allegation of Paragraph 50 of the Complaint.

51. To the extent the allegations of Paragraph 51 of the Complaint assert conclusions of law, Defendant is not required to plead in response thereto. To the extent the allegations of Paragraph 51 of the Complaint are allegations of fact, Defendant is without information or belief sufficient to admit or deny whether Plaintiff is the sole owner of all right, title and interest in the Image, which it denies on that basis. Defendant denies each and every remaining allegation of Paragraph 51 of the Complaint.

52. Defendant denies each and every allegation of Paragraph 52 of the Complaint.

53. Defendant denies each and every allegation of Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation of Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation of Paragraph 55 of the Complaint.

### SIXTH COUNT

*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

56. Answering Paragraph 56 of the Complaint, Defendant refers to and

incorporates by reference herein each of the admissions, denials and allegations set forth in Paragraphs 1 through 55, inclusive, above.

57. Defendant denies that Plaintiff is entitled to an award of attorney's fees and costs in any amount whatsoever for the prosecution of this meritless action.

## DEFENSES

To the extent that it is Plaintiff's burden to prove any of the issues raised in the defenses set forth below, Defendant hereby preserves and does not waive its legal position that the Plaintiff maintains the burden of proof on those issues. Defendant reserves the right to amend this answer to assert such additional defenses as may later become available or apparent to it.

## FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim for Relief)*

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

*(Standing)*

Defendant is informed and believes, and thereon alleges, that Plaintiff is without standing to prosecute this action.

/ / /

## THIRD AFFIRMATIVE DEFENSE

### *(Non-Infringement)*

Plaintiff's claims for copyright infringement are barred because the subject image was hosted on third party websites not affiliated with or controlled by Defendant, and was visible to visitors to Defendant's website (www.justluxe.com) only through RSS links created by a third party and fed onto www.justluxe.com.

## FOURTH AFFIRMATIVE DEFENSE

### *(Innocent Intent)*

Plaintiff's recovery of any damages it suffered are barred or limited by Defendant's innocent intent.

## FIFTH AFFIRMATIVE DEFENSE

### *(Injury Caused by Others)*

Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were either wholly or partially the legal fault of persons, firms, corporations, or entities other than Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### *(Lack of Volitional Act)*

Plaintiff's claims are barred, in whole or in part, because the alleged infringement was not caused by a volitional act attributable to Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

*(No Damages)*

Plaintiff did not incur any damages or loss as a result of any act or conduct by Defendant, and any alleged damages are too speculative and imprecise to support an award in Plaintiff's favor.

**EIGHTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

*(Lack of Willfulness)*

Defendant's actions were not willful.

**TENTH AFFIRMATIVE DEFENSE**

*(No Copyright)*

Defendant is informed and believes, and thereon alleges, that Plaintiff had not copyrighted the Image when Defendant received it via an RSS feed.

**ELEVENTH AFFIRMATIVE DEFENSE**

*(Copyright Misuse)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## TWELFTH AFFIRMATIVE DEFENSE

*(Abandonment)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of abandonment of copyright.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Fair Use)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(First Sale)*

Plaintiff's claims are barred, in whole or in part, by the first-sale doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(First Amendment)*

Plaintiff's claims are barred, in whole or in part, to the extent Defendant's actions and speech are protected by the First Amendment to the Constitution of the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(No Secondary Liability)*

Plaintiff's claims are barred, in whole or in part, because any liability arises from the conduct of parties other than Defendant, for which Defendant cannot be held directly or indirectly liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *(Lack of Knowledge)*

Defendant cannot be held secondarily liable for alleged copyright infringement because Defendant did not have the requisite knowledge of any alleged primary infringement by a third party, or induce any alleged primary infringement by a third party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(No Right or Ability to Control)*

Defendant cannot be held secondarily liable for alleged copyright infringement because Defendant did not have the right or ability to control any alleged primary infringement by a third party.

## NINETEENTH AFFIRMATIVE DEFENSE

### *(Implied License)*

Plaintiff's claims are barred by the doctrine of implied license.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(DMCA)*

Plaintiff's claims for damages for copyright infringement are barred pursuant to the terms of the Digital Millennium Copyright Act, 17 U.S.C. §512.

/ / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

*(Estoppel)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

*(Unclean Hands)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

*(Laches)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## RELIEF REQUESTED

**WHEREFORE,** Defendant prays for judgment against Plaintiff herein as follows:

1. That Plaintiff take nothing by its Complaint;

2. That the Complaint be dismissed in its entirety and with prejudice;

3. That Defendant be awarded its attorney's fees against Plaintiff;

4. For costs of suit herein;

5. For such other and further relief as the court deems just and proper.

Dated:  September 18, 2014                *s/* **Daniel R. Salas**
                                                                 Attorney for Defendant
                                                                 LUXEMONT, LLC
                                                                 E-mail: dan@dansalas.com

## PROOF OF SERVICE

I, DANIEL R. SALAS, declare:

I am counsel of record herein for defendant Luxemont, LLC, a citizen of the United States, over the age of 18 and not a party to this action.

On September 18, 2014, I caused the attached Answer to Complaint to be served on the parties or their attorneys of record in this action via CM/ECF Notice of Electronic Filing. I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF user will be served by the CM/ECF system, including Aubrey A. Haddach, Esq., plaintiff's counsel, at aubrey@thehaddachlawoffice.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of September, 2014, at San Diego, California.

s/Daniel R. Salas
E-mail: dan@dansalas.com
